394 A.2d 600

**COMMONWEALTH of Pennsylvania**

v.

**Edgar COLEMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided Nov. 22, 1978.

Jerold S. Berschler, Norristown, for appellant.

William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This is an appeal from the denial of appellant's Post Conviction Hearing Act[1] petition after a hearing. Appellant had been tried and convicted on charges of burglary, theft of movable property, theft by receiving stolen property, and criminal conspiracy in January, 1977. He was thereafter sentenced to 2½ to 10 years imprisonment. Appellant waived on the record his right to file post-verdict motions prior to sentencing. A PCHA petition was then filed on May 24, 1977, alleging (1) the denial of his constitutional right to representation by competent counsel, and (2) the

---

1. Act of January 25, 1966, P.L. 1580, § 1, eff. March 1, 1966; 19 P.S. § 1180–1 et seq.

obstruction by state officials of petitioner's right of appeal. At the hearing on his petition, on July 28, 1977, the appellant was limited to questioning which dealt only with the ineffectiveness of counsel related to post-verdict assistance. The only determination made by the hearing judge was that the appellant was not denied effective assistance of counsel when he waived his appeal rights. Appellant was further given leave to appeal the legality of his sentence.

Petitioner argues that the lower court erred in not permitting him to question the effectiveness of trial counsel throughout all the proceedings and by limiting such questioning to counsel's actions in post-trial proceedings only. He further argues that the lower court erred in finding that there was a knowing, intelligent and voluntary waiver of his right to file post-verdict motions.

We find that petitioner was not given a full and complete evidentiary hearing on the issue of ineffectiveness of counsel in that the hearing judge mistakenly limited the scope of the inquiry. Judge Moss determined that appellant had raised only post-trial ineffectiveness of counsel because contained in the body of the form petition was a statement that petitioner was never informed by the court or his attorney that he had a right to appeal after conviction and sentence. However, appellant's petition included an amendment attached thereto which stated that during the course of the pre-trial, trial, post trial and sentencing stages, petitioner was denied the effective assistance of counsel. This amendment was not considered by Judge Moss. It is noted that the original petition and amendment were prepared by appellant without the help of counsel. Petitioner, therefore, did allege the ineffectiveness of trial counsel at all stages of the proceedings and the hearing judge should have made findings regarding this.

The second issue raised by appellant as to knowing and voluntary waiver cannot be resolved at this time since it too deals with the effectiveness of counsel as a whole.

■ This case is remanded for an evidentiary hearing on the effectiveness of trial counsel at each stage of the lower court proceedings as prayed for in appellant's petition. A different hearing judge is to be appointed in that Judge Moss originally found the appellant guilty at trial.

SPAETH, J., concurs in the result.

JACOBS, President Judge, files a concurring and dissenting statement.

PRICE, J., files a dissenting statement.

HOFFMAN, J., did not participate in the consideration or decision of this case.

JACOBS, President Judge, concurring and dissenting:

I agree with the majority that this case should be remanded for an evidentiary hearing on the effectiveness of trial counsel at each stage of the lower court proceedings. I would not require that a different hearing judge be appointed.

PRICE, Judge, dissenting:

I would affirm, being of the opinion that the PCHA court committed neither an error of law or an abuse of discretion in its disposition of the case.